IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 15-00329-01-CR-W-DGK |
| LUCAS J. DUNFORD, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On March 2, 2016, I ordered Defendant to undergo a competency evaluation (Doc. No. 19). Defendant was examined by Ryan Nybo, Psy.D., who prepared a report dated June 3, 2016 (Doc. No. 21).

A competency hearing was held on June 23, 2016. The government was represented by Assistant United States Attorney Jeffrey McCarther. Defendant appeared in person with appointed attorney Steve Moss. The parties stipulated to the contents and findings of Dr. Nybo's report (Tr. at 2). No additional evidence was presented.

Title 18, United States Code, Section 4241(d) provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

The Eighth Circuit has held that the "burden rests with the defendant to demonstrate that he [is] not competent to stand trial." United States v. Mueller, 661 F.3d 338, 352 (8th Cir. 2011)(quoting United States v. Denton, 434 F.3d 1104, 1112 (8th Cir. 2006)). See also United States v. Jimenez-Villasenor, 270 F.3d 554, 559 (8th Cir. 2001); Thomas v. United States, No.

4:11-CV-00524-DGK, 2012 WL 170997 at *2 (W.D. Mo. Jan. 20, 2012).

In this case, Dr. Nybo was unable to render an ultimate opinion on whether Defendant was competent to stand trial since Defendant "was only minimally cooperative during the course of the evaluation." (Doc. No. 21 at 7, 9). In the "Diagnoses and Prognosis" section of the report, however, Dr. Nybo noted:

> Throughout the course of the evaluation, [Defendant] presented as suspicious and paranoid and exhibited idiosyncratic, disjointed, and at times disorganized thinking. He often made nonsensical and illogical comments, displayed an unusual demeanor, exhibited inappropriate smiling and laughter all of which are suggestive of a possible thought disorder. The defendant also disclosed he was prescribed several antipsychotic medications previously. In light of the current evidence, a rule out is thus warranted.

(Doc. No. 21 at 7). Dr. Nybo later noted Defendant "demonstrated a seemingly poor ability to cooperate and assist counsel in his defense." (Doc. No. 21 at 8). Because there was evidence that Defendant may suffer from a thought disorder, Dr. Nybo recommended Defendant "be sent to a Federal Medical Facility for formal competency restoration procedures, which would include further observation and evaluation." (Doc. No. 21 at 9). Dr. Nybo stated, "Observation of the defendant over a longer time period may help to clarify the defendant's diagnosis and specific competency related abilities." (Doc. No. 21 at 9). During the competency hearing, defense counsel voiced concern over Defendant's ability to assist in his defense, stating he did not believe Defendant had "the mental capacity to communicate with me about the things that he needs to." (Tr. at 4).

Based upon the uncontroverted evidence stipulated to by the parties in this case and defense counsel's continued concern, I find it more likely than not that Defendant is suffering from a mental disease or defect rendering him mentally incompetent so as to be unable to properly assist in his defense. As a result, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding Defendant incompetent to stand trial and to assist in his defense. It is further

RECOMMENDED that the court commit defendant to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d). It

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has 14 days from the date of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
June 27, 2016